## MARY H. BENHAM. v. CITY OF CINCINNATI.

JELKE, J.; GIFFEN, J., and SWING, J., concur.

The conclusion reached in the Thornton case is applicable to this case also.

As to the power of the lower court to hear evidence as to the amount of special benefits, we said in the case of *Cincinnati* v. *Shoemaker:* "If the benefits conferred are equal to the assessment there is nothing to move a court of equity to intervene by injunction;" this was approved by the Supreme Court.

Of course a court can not make the finding and deny an injunction on that ground without hearing evidence as to the special benefits.

A corollary of the above is that a trial court may hear evidence of special benefits, find the same, and then say that up to this point we will not enjoin, beyond it we will, which is practically fixing the assessment. See *Schroder* v. *Overman*, 61 O. S., 1; *Walsh et al* v. *Sims, Treas.*, 65 O. S., 211; *Shoemaker* v. *City*, 68 O. S., 603.

Where, however, the assessing board has made a finding of benefits and has made the assessment on that basis, such finding and assessment are *prima facie* correct, and should not lightly be disturbed or inquired into in the absence of allegations of some of the grounds usually invoking equitable intervention.

*Coppock & Hertenstein,* for plaintiff in error.

*John V. Campbell* and *Charles J. Hunt,* contra.